UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. | SACV 24-01290-FWS-KES |
| Title | Steven Kowalcyk v. United States Postal Service |
| Date | September 18, 2024 |

---

**Present: The Honorable**   FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE

| Melissa H. Kunig | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION**

"[I]t is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)).  That includes timely serving the complaint, filing a proof of service, complying with all relevant rules, and responding to court orders promptly and appropriately. Absent a showing of good cause, "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . *must* dismiss the action."  Fed. R. Civ. P. 4(m).  Here, 90 days have passed since Plaintiff filed the Complaint, yet no proof of service has been filed.  Moreover, "[t]o enable the Court to evaluate possible disqualification or recusal, counsel for all non-governmental parties must file with their first appearance a Notice of Interested Parties, which must list all persons, associations of persons, firms, partnerships, and corporations (including parent corporations, clearly identified as such) that may have a pecuniary interest in the outcome of the case, including any insurance carrier that may be liable in whole or in part (directly or indirectly) for a judgment in the action or for the cost of defense."  C.D. Cal. L.R. 7-1.1.  On June 18, 2024, a Notice of Deficiencies was issued noting that Plaintiff failed to file a Notice of Interested Parties with the Complaint.  (Dkt. 8.)  The Notice of Deficiencies stated that "Counsel must file a Notice of Interested Parties immediately. Failure to do so may be addressed by judicial action, including sanctions."  (*Id.*)  Nevertheless, three months after the Notice of Deficiencies was issued, Plaintiff has still failed to file a Notice of Interested Parties. (*See generally* Dkt.)

Accordingly, the court, on its own motion, hereby **ORDERS** Plaintiff to show cause in writing no later than **September 24, 2024**, why this action should not be dismissed for lack of prosecution.  As an alternative to a written response by Plaintiff, the court will consider as an appropriate response to this OSC the filing of one of the following on or before the above date:

1. A Notice of Voluntary Dismissal (Fed. R. Civ. P. 41), or

2. A Proof of Service of the Summons and Complaint **and** a Notice of Interested Parties. However, if the deadline to answer has passed by the time Plaintiff files the proof of service, the response to this Order will be deemed sufficient only if one of the following is also filed:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 24-01290-FWS-KES | Date | September 18, 2024 |
|---|---|---|---|
| Title | Steven Kowalcyk v. United States Postal Service | | |

    a. Plaintiff's Request for Entry of Default <u>or</u> Defendant's Answer,

    b. A stipulation extending Defendant's time to respond to the Complaint that complies with Local Rule 8.3, or

    c. A Notice of Voluntary Dismissal (Fed. R. Civ. P. 41).

    No oral argument of this matter will be heard unless ordered by the court. The Order will stand submitted upon the filing of a timely and appropriate response. Failure to file a timely and appropriate response to this Order may result in dismissal without further notice or order from the court. *See* Fed. R. Civ. P. 41(b); L. R. 41-6; *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").

                                                                               _____  :  _____

                                        Initials of Deputy Clerk   mku