UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:24-cv-01290-FWS-KES | Date: September 24, 2024 |
| Title: Steven Kowalcyk v. United States Postal Service | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

    Plaintiff Steven Kowalcyk ("Plaintiff") filed this case on June 14, 2024, asserting claims for general negligence and premises liability against Defendant United States Postal Service ("Defendant") related to an incident in which Plaintiff slipped on a recently-mopped floor at a Laguna Hills, California Post Office. (Dkt. 1 ("Complaint" or "Compl.") ¶¶ 8-12.) On June 18, 2024, a Notice of Deficiencies was issued noting that Plaintiff failed to file a Notice of Interested Parties with the Complaint. (Dkt. 8); *see* C.D. Cal. L.R. 7-1.1 ("To enable the Court to evaluate possible disqualification or recusal, counsel for all non-governmental parties must file with their first appearance a Notice of Interested Parties, which must list all persons, associations of persons, firms, partnerships, and corporations (including parent corporations, clearly identified as such) that may have a pecuniary interest in the outcome of the case, including any insurance carrier that may be liable in whole or in part (directly or indirectly) for a judgment in the action or for the cost of defense."). On June 18, 2024, the court issued an order in response to the Notice of Deficiencies, stating that "counsel must consult the Notice of Deficiencies in Attorney Case Opening and file a Notice of Interested Parties no later than 5 days from entry of this Order. Failure to do so may result in sanctions and/or the action being DISMISSED." (Dkt. 10.) Plaintiff did not take any action in response to the court order.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01290-FWS-KES             Date: September 24, 2024
Title: Steven Kowalcyk v. United States Postal Service

On September 18, 2024, the court issued an Order to Show Cause re Dismissal for Lack of Prosecution (the "OSC"), noting that Plaintiff had not filed a Notice of Interested Parties as ordered, and also had not filed any proof of service on Defendants, even though 90 days had passed since the filing of the Complaint. (Dkt. 11 (citing, among other authority, Fed. R. Civ. P. 4(m)).) On September 23, 2024, Plaintiff's counsel filed a declaration in response to the OSC (the "Declaration"). (Dkt. 12.) In the Declaration, Plaintiff's counsel stated that "[t]he instant Complaint was filed out of necessity on 06/14/2024 following months of non-response from [Defendant] as to a tort claim submitted by the plaintiff for injuries following a slip and fall accident in an Orange County Post Office." (*Id.* ¶ 3.) However, "[o]n the same date as the filing of this action, counsel for [Plaintiff] received the first-ever response from a claims adjuster for [Defendant] regarding this tort claim." (*Id.* ¶ 4.) The adjuster "apologized for the excessive delay in processing," "informed counsel that she would be handling the claim, and requested additional information from counsel" on three separate occasions. (*Id.* ¶¶ 4-5.) The Declaration further states that "[b]ecause the tort claim had been acknowledged as received, and adjudication of that claim was in progress, plaintiff did not serve the Complaint as the claim was in the hands of the adjuster. It did not appear to be desirable to trigger the involvement of USPS counsel and litigation when the claim was already being handled." (*Id.* ¶ 6.) The Declaration concludes that for these reasons, "Plaintiff has not yet served the Summons and Complaint in this matter." (*Id.* ¶ 7.)

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

_____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01290-FWS-KES                                   Date: September 24, 2024
Title: Steven Kowalcyk v. United States Postal Service

   Here, the court concludes these factors support dismissal due to Plaintiff's failure to prosecute this case and comply with the court's order to file a Notice of Interested Parties. (Dkts. 10, 11.)  As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  The second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642.  When a plaintiff chooses not to serve his Complaint, "the action to come[s] to a complete halt," which allows a plaintiff "to control the pace of the docket rather than the Court." *Yourish*, 191 F.3d at 990.  The third factor, the risk of prejudice to defendants, favors dismissal because "unreasonable delay creates a presumption of prejudice." *Worden v. Hemming*, 2022 WL 2062331, at *2 (C.D. Cal. Jan. 21, 2022) (dismissing case based on failure to timely file proof of service).

   Fourth, the public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012).  Indeed, "it is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)).  Therefore, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted).  Plaintiff's decision not to prosecute this case at this time, including his decision not to serve the Complaint at this time and not to file a Notice of Interested Parties as ordered, lessens the weight of the public policy favoring disposition on the merits.  *See Ewing*, 2012 WL 2138159, at *2.  The court therefore finds this factor is neutral and does not preclude dismissal.

   Finally, the court has attempted less drastic alternatives, but they have failed.  The court gave Plaintiff ample time to serve the Complaint and file a Notice of Interested Parties, but the Declaration indicates that he has intentionally chosen not to.  *Cf. Ferdik v. Bonzelet*, 963 F.2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01290-FWS-KES          Date: September 24, 2024
Title: Steven Kowalcyk v. United States Postal Service

1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992) ("Here the fact that the district court first allowed Ferdik an additional thirty days in which to amend his complaint to bring it into compliance with Rule 10(a), constituted an attempt at a less drastic sanction to that of outright dismissal."). The court also informed Plaintiff that failure to serve the Complaint and file a Notice of Interested Parties would result in dismissal of his claims. (Dkts. 10, 11); *see Ferdik*, 963 F.2d at 1262 ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); *see also Alliant Credit Union v. Vessel EAGLE REST*, 2010 WL 3746727, at *2 (N.D. Cal. Sept. 20, 2010) ("The Court's prior order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal would result in the dismissal of the action."); *Keawe*, 2024 WL 1495085, at *2 ("Fourth, less drastic sanctions are not appropriate and would be futile given Plaintiff's repeated failure to comply with the Court's prior orders."). Indeed, the court observes that the Declaration does not request that the court keep this case open or seek any other similar relief. (*See generally* Declaration.) The court finds this factor weighs in favor of dismissal.

In summary, on balance, the court finds the relevant factors weigh in favor of dismissal. *Cf. Ferdik*, 963 F.2d 1258, 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here."); *Worden*, 2022 WL 2062331, at *2 ("The Court finds that Plaintiff has abandoned his claims by failing to file the required Proofs of Service or respond to the Court's orders. The Court dismisses this action without prejudice for lack of prosecution and for failure to comply with a Court order."); *Mora v. Wenrick*, 2020 WL 1279233, at *2 (C.D. Cal. Jan. 7, 2020), *report and recommendation adopted,* 2020 WL 1274211 (C.D. Cal. Mar. 16, 2020) ("In light of the procedural history of this case, including Plaintiff's failure to file a proper proof of service of the summons and complaint or comply with the Court's orders, and the factors weighing in favor of dismissal, the Court concludes that dismissal of this action for failure to prosecute is warranted."); *Bartok v. Bartok*, 2019 WL 6729660 (C.D. Cal. July 15, 2019) (denying reconsideration of order dismissing for lack of prosecution after proof of service not timely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01290-FWS-KES | Date: September 24, 2024 |
| Title: Steven Kowalcyk v. United States Postal Service | |

filed); *see also* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). This case is therefore **DISMISSED WITHOUT PREJUDICE**.

Initials of Deputy Clerk:  mku